```
 1
 2
 3
 4
 5
 6
 7                     UNITED STATES DISTRICT COURT
 8                  FOR THE EASTERN DISTRICT OF CALIFORNIA
 9
    GUY TILLOTSON,
10
11                                      NO. CIV. S-08-1623 LKK/EFB
              Plaintiff,
12
         v.
13                                            O R D E R
    VALLEY PAVING, INC., BLUE SHIELD
14  OF CALIFORNIA LIFE AND HEALTH
    INSURANCE COMPANY; BLUE SHIELD OF
15  CALIFORNIA; CHOICE ADMINISTRATORS,
    INC. dba CALIFORNIA CHOICE BENEFIT
16  ADMINISTRATORS dba CALIFORNIA
    ADMINISTRATORS INSURANCE SERVICES;
17  and DOES 1 TO 100, Inclusive,
18            Defendants.
                                       /
19
20       Plaintiff brings this action seeking recovery of insurance
21  benefits under the Employee Retirement Income Security Act of 1974,
22  29 U.S.C. §§ 1001 et seq. (ERISA), and under state law theories of
23  breach of contract, breach of good faith and fair dealing, breach
24  of fiduciary duty, and fraud. Defendants in this action are
25  plaintiff's employer, two insurance companies, and a corporation
26  that administers insurance policies. The various defendants have
```

1

filed nearly identical motions to dismiss plaintiff's state law claims on ERISA preemption grounds; defendant Choice Administrators also moves to dismiss the breach of fiduciary duty claim on the ground that the complaint does not allege that Choice Administrators owes such a duty. I decide the matter on the basis of the papers and pleadings filed herein, and after oral argument.

## I. BACKGROUND

### A. Facts Alleged

For purposes of this motion to dismiss, the court treats plaintiff's allegations as true, and construes them in the light most favorable to plaintiff. Plaintiff alleges that he began employment with defendant Valley Paving around December 2005, and remained employed by Valley Paving throughout the events pertinent to this litigation. At the time of his hiring, plaintiff accepted Valley Paving's offer to enroll in health insurance underwritten by defendant Blue Shield. Plaintiff's paychecks included a medical insurance deduction of $41.06, and plaintiff believed that Valley Paving deducted this as a premium and forwarded it to Blue Shield. In December 2006,[1] Valley Paving provided plaintiff with a Medical/Dental waiver. Valley Paving's employees or agents represented that the form would not curtail plaintiff's rights under the medical plan. Relying on these representations, plaintiff signed this form even though he did not intend to waive his coverage for medical insurance. Portions of this form were blank

---

[1] It seems likely that plaintiff meant December 2005, but none of the pleadings have corrected this date. The date is not relevant to the present motions.

2

1  when plaintiff signed them, although they were later filled in. In
2  the end, Plaintiff alleges that Valley Paving's employees or agents
3  "either did not submit the enrollment paperwork at all or submitted
4  it with a waiver of coverage included."  Compl. ¶ 18.

5     On May 7, 2007, plaintiff suffered a heart attack in the
6  course and scope of his employment. He received care, and claims
7  for benefits were submitted to Blue Shield. Shortly thereafter, he
8  was contacted by an individual identifying himself as a "broker"
9  for the insurance company, who stated that plaintiff was not
10 enrolled in any plan, and that his claims would not be paid.
11 Plaintiff did not receive written notification of any denial, nor
12 was he ever notified of a right to appeal the decision. As of the
13 filing of the suit, plaintiff had resulting unpaid medical expenses
14 of approximately $120,000.

15     Plaintiff alleges that throughout this process, defendants
16 were each "the agent and/or partner of the other and each were
17 acting in the course and scope of said agency and/or partnership."
18 Compl. ¶¶ 2-3.

19 **B. Plaintiff's Claims**

20     Plaintiff enumerates five causes of action: a breach of
21 contract, an ERISA civil enforcement action under 29 U.S.C. §
22 1132(a), a breach of good faith and fair dealing, a breach of
23 fiduciary duty, and fraud.[2] The fraud claim is against defendant

---

[2] Although not yet commented on by either party, several of plaintiff's causes of actions seem to incorporate multiple distinct claims. For example, in the breach of contract action, plaintiff appears to distinguish between a contract with Valley Paving to enroll patient in the insurance plan, and a second contract

3

Valley Paving only; the other claims are against all defendants. Other than the alleged ERISA violation, all claims are based on state law. Each of plaintiff's causes of action explicitly "realleges and incorporates by reference" all preceding paragraphs in the complaint.[3]

**C. Procedural History**

Plaintiff originally filed suit in California State Court. Defendants removed to this court, which has subject matter jurisdiction over plaintiff's claim for a violation of ERISA, and supplemental jurisdiction over plaintiff's state law claims. In addition, ERISA's sweeping preemption clause provides federal question subject matter jurisdiction that allows defendants to remove based on the federal defense of "complete preemption." Aetna Health Inc. v. Davila, 542 U.S. 200, 207-08 (2004).

After removal, all defendants moved to dismiss all of plaintiff's state law claims as failing to state a claim upon which relief may be granted, arguing that these claims are preempted by ERISA. In addition, defendant Choice Administrators argues, as an alternative ground for dismissal of plaintiff's fourth claim (breach of fiduciary duty), that plaintiff has failed to allege that Choice Administrators owed a fiduciary duty to the plaintiff. These motions are currently before the court.

---

constituting the insurance plan itself. Plaintiff further distinguishes separate actions constituting breach of the two contracts. Compl. ¶¶ 29-30.

[3] The complaint presents the causes of action in the order used here. Thus, the breach of contract allegations are incorporated into all claims, and the fraud allegations are not incorporated into any other claim.

4

## II. STANDARD FOR DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

In order to survive a motion to dismiss for failure to state a claim, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." Id. at 1964-65.

The Supreme Court recently held that Federal Rule of Civil Procedure 8(a)(2) requires a "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief. Id. at 1965 n.3. Though such assertions may provide a defendant with the requisite "fair notice" of the nature of a plaintiff's claim, the Court opined that only factual allegations can clarify the "grounds" on which that claim rests. Id. "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. at 1965, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1216, pp. 235-36 (3d ed. 2004).[4]

---

[4] The holding in Twombly explicitly abrogates the well established holding in Conley v. Gibson that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957); Twombly, 127 S. Ct. at 1968.

5

On a motion to dismiss, the allegations of the complaint must be accepted as true. See Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. See Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). In general, the complaint is construed favorably to the pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). Nevertheless, the court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

### III. ANALYSIS

The motions to dismiss raise two issues: whether plaintiff's state law claims are preempted by ERISA, and whether plaintiff has sufficiently alleged that defendant Choice Administrators owed a fiduciary duty to plaintiff.

**A. ERISA Preemption**

Section 514(a) of ERISA provides that the statute "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . ." 29 U.S.C. § 1144(a). At first glance, the application of this provision to this case should be straightforward. The complaint's second cause of action alleges that the plan at issue is an ERISA plan. Compl. ¶ 34. This allegation is explicitly reincorporated into

6

the third, fourth, and fifth causes of action. Compl. ¶¶ 38, 46, 54. The plaintiff concedes in his opposition memoranda that his state law claims "relate to" the plan. As the defendants argue, if plaintiff alleges that ERISA governs the plan, and plaintiff concedes that the state law claims "relate to" the plan, preemption is certain.

However, plaintiff challenges this analysis by pointing to this court's decision in Coleman v. Standard Life Insurance Co., 288 F. Supp. 2d 1116 (E.D. Cal. 2003). In that case, which posed a nearly identical question, this court held that plaintiff's ERISA and state law claims should be understood as having been pled in the alternative (pleading that the plan was, and in the alternative was not, covered by ERISA), even though the complaint did not specify alternative pleading. Id. at 1121. As a result, this court held that dismissal pursuant to ERISA preemption was inappropriate. Id. Because Coleman considered issues so closely analogous to those in this case, it warrants extensive discussion here.

This court reached the result in Coleman in two steps. First, the court held that ERISA's preemption clause did not preclude pleading in the alternative. Id. At the pleading stage, a plaintiff might not know whether a plan is or is not subject to ERISA. Absent pleading in the alternative, a plaintiff would have to guess whether the plan falls under ERISA, only to be barred from relief if the plaintiff's guess is wrong. Id. at 1120. Defendants in the present case argue that, contrary to

7

Coleman, ERISA should preclude this type of alternative pleading. However, defendants cite only two cases not discussed in Coleman: Salomon v. Transamerica Occidental Life Ins. Co., 801 F.2d 659 (4th Cir. 1986), which dismisses state law claims as preempted without discussing alternative pleading, and Pension Trust Fund for Operating Engineers Local 3 v. McMorgan & Co., 2006 WL 2788340 *6 (E.D. Cal. 2006), which held that there was no possible dispute as to whether the plan at issue was subject to ERISA. Id. (noting that defendant's contract specified him as an ERISA fiduciary). These cases shed little light on the issue, and this court reaches the same conclusion it reached in Coleman. For the reasons stated in Coleman, this court again holds that when it is unclear whether a plan is subject to ERISA, ERISA's preemption clause does not prohibit plaintiffs from pleading ERISA and state law claims in the alternative.[5]

This court's second step in Coleman was to hold that the complaint in that case–which closely resembled the complaint in the instant case–could be interpreted as pleading alternative claims.[6] Under Fed. R. Civ. P. 8(d)(2) (formerly Fed. R. Civ. P. 8(e)(2))[7] a party "need not use particular words to plead in the alternative" as long as "it can be reasonably inferred that this

---

[5] In these situations, parties may wish to seek summary judgment on the narrow issue of ERISA's applicability, at which time preemption can be determined.

[6] As stated below, the court takes judicial notice of the complaint in Coleman, pursuant to Fed. R. Evid. 201.

[7] In 2007, the language of Rule 8 was amended, but as the advisory committee notes, "[t]hese changes [were] intended to be stylistic only," and did not change the substance of the rules.

8

is what he was doing." Coleman, 288 F. Supp. 2d at 1119-1120 (quoting Holman v. Indiana, 211 F.3d 399, 407 (7th Cir.), cert. denied, 531 U.S. 880 (2000), internal quotations and modification omitted). This court took an expansive view of what could be "reasonably inferred." In Coleman, as in this case, the complaint in no way specified that claims were pled in the alternative, and many of plaintiff's state law claims explicitly incorporated by reference the allegation that the plan at issue was subject to ERISA, as is the case here. Coleman v. Standard Ins. Co., No. 3-1549, Compl. ¶¶ 26, 33 (E.D. Cal. July 23, 2003). Nonetheless, the court held that alternative pleading could be inferred, because the uncertainty as to ERISA's applicability provided a strong imputed motive to plead in the alternative. Coleman, 288 F. Supp. 2d at 1121.

Here, defendants have not identified any difference in the underlying facts that might distinguish this case from Coleman, and defendants have not argued that there has been any relevant change in the law of pleading.[8] The court disagrees with

---

[8] Because the defendants have not argued a change in the law, and because the court grants defendants motion to dismiss for the reasons stated below, the court does not resolve this issue. However, the Ninth Circuit recently held, in an unpublished opinion, that "inconsistent allegations" that "were expressly incorporated into each cause of action" could not be construed as having been pled in the alternative. Maloney v. Scottsdale Ins. Co., 256 Fed. Appx. 29, 31 (9th Cir. 2007) (plaintiff's allegation that he acted in imperfect self defense constituted an admission that plaintiff intentionally struck another, despite plaintiff's concurrent allegation incorporated in the same cause of action that the touching was merely negligent), compare McCalden v. California Library Ass'n, 955 F.2d 1214, 1219 (9th Cir. 1991) (alternative pleading allowed even though another part of the complaint alleged facts that would provide a partial defense to the alternate claim). This court does not determine the applicability, if any, of this

9

1  defendants' assertion that the facts alleged in <u>Coleman</u> left
2  greater uncertainty as whether ERISA would apply. Def. Choice
3  Administrators Reply in Supp. of Mot. to Dismiss 5:17-24; Def.
4  Valley Paving Reply in Supp. of Mot. to Dismiss 5:1-7. The *only*
5  discussion of the plan in the <u>Coleman</u> complaint was the
6  allegation that the plaintiff had purchased a long-term
7  disability plan through plaintiff's affiliation with the
8  Sacramento County Probation Assoc., and that the plaintiff was
9  employed as a probation officer. <u>Coleman</u> Compl. ¶¶ 1-2. This
10 allegation implied, and the plaintiff in that case explicitly
11 alleged, that the plan was an "employee welfare benefit plan",
12 defined as a "program which was . . . established or maintained
13 by . . . an employee organization, . . . for the purpose of
14 providing for its participants . . . benefits in the event of .
15 . . disability . . . ." 29 U.S.C. § 1002(1). Compared to
16 <u>Coleman</u>, the instant complaint raises neither stronger nor
17 weaker doubts as to ERISA's applicability.

18      Nonetheless, this court holds that plaintiff's complaint
19 does not support a reasonable inference of alternative pleading.
20 <u>Coleman</u> was a very close case. Repeated, explicit reallegation
21 that ERISA does apply, coupled with a total lack of any language
22 expressing doubt about ERISA's applicability, does little to
23 support a reasonable inference that plaintiff intended to plead
24 in the alternative that it did not. The court could reach the
25 result in <u>Coleman</u> only by reading the pleadings very liberally,
26 consistent with the command of Fed. R. Civ. P. 8(e) that

unpublished decision to the instant case.

10

pleadings be construed "so as to do justice." Typically, substantial justice requires liberal construction of the pleadings. That was the case in Coleman, but it is not so here.

The court takes judicial notice, pursuant to Fed. R. Evid. 201, that counsel for plaintiff was also counsel for the plaintiff in Coleman and in two other cases alleging ERISA and state law claims.[9] This is at least the fourth case in which plaintiff's counsel has brought a case before this court alleging both ERISA and state law claims, the third in which counsel has filed a complaint that does not specify, or even imply, that state law claims are being pled in the alternative, only to later assert alternative pleading,[10] and the third time that such state law claims explicitly incorporate, by reference, the allegation that the plan at issue is covered by ERISA.[11] Given counsel's repeated exposure to this precise question of law, this is not a situation in which counsel has understandable inexperience with the law such that substantial justice weighs toward excuse of inartful pleading.

Conversely, there are interests of justice favoring dismissal. The most natural inference to be drawn from

---

[9] Pension Trust Fund for Operating Eng'gs, Local 3 v. McMorgan & Co., No. 6-904, 2006 U.S. Dist. Lexis 74502 (E.D. Cal. 2006), Hancock v. Hartford Life & Accident Ins. Co., No. 6-208, 2006 U.S. Dist. LEXIS 39774 (E.D. Cal. 2006), Coleman v. Std. Life Ins. Co., No. 3-1549, 288 F. Supp. 2d 1116 (E.D. Cal. 2003).

[10] See Coleman, No. 3-1549 Compl., Oppo. to Mot. to Dismiss p. 2 (filed July 23 2003, Sept. 22, 2003) McMorgan, No. 6-904, Compl., Oppo. to Mot. to Dismiss, Document #39 p. 5 (filed August 18, 2006).

[11] See Coleman, No. 3-1549 Compl. ¶¶ 26, 33, Hancock, No. 6-208 Compl. ¶¶ 33, 41 (filed Feb. 9, 2006).

11

plaintiff's complaint is not that state law and ERISA claims are alleged in the alternative, but that plaintiff intended to draw defendants into the morass of ERISA preemption law by alleging that defendants were simultaneously liable under both theories. Defendants in this case, and defendants in several prior cases, have been forced to refute this possibility, and this court has been compelled to spend time adjudicating these issues. This expenditure of resources would have been avoided if plaintiff's counsel had exercised *slightly* more care in pleading.

Interpreting plaintiff's complaint in it's most natural light, and as substantial justice requires, this court finds that it cannot be "reasonably inferred" that plaintiff intended to plead in the alternative. Defendants' motion for dismissal of the state law claims is therefore granted. Because plaintiff appears to have understandably, although not laudably, relied on this court's decision in Coleman to conclude that the complaint would give rise to such an inference, dismissal is without prejudice. If plaintiff sincerely doubts that the plan is subject to ERISA, plaintiff may file an amended complaint alleging state law claims in the alternative.

**B. Fiduciary Duty**

As an alternative ground for dismissal of plaintiff's fourth cause of action, for breach of fiduciary duty, defendant Choice Administrators argues that plaintiff fails to allege a fiduciary duty owed by Choice Administrators. Although this court dismisses the fiduciary duty claim as preempted by ERISA,

12

1  the court considers this argument now, rather than waiting for
2  plaintiff to file an amended complaint stating this claim in the
3  alternative.
4      Plaintiff's complaint alleges that the various defendants
5  were each "the agent and/or partner of the other and each were
6  acting in the course and scope of said agency and/or
7  partnership," Compl. ¶¶ 2-3, along with facts about business
8  relationships that could support finding such a relationship. In
9  at least some forms of such relationships, Choice Administrators
10 could be vicariously liable for a breach of fiduciary duty by
11 another defendant. As such, even if plaintiff has not alleged a
12 fiduciary duty owed specifically by Choice Administrators,
13 plaintiff has alleged facts that may support finding liability
14 on this claim.

### IV. CONCLUSION

16     For these reasons, defendants' motion to dismiss is
17 GRANTED. Plaintiff's state law claims—claims 1, 3, 4, and 5—are
18 DISMISSED without prejudice.  Plaintiff is granted 30 days to
19 amend.
20     IT IS SO ORDERED.
21     DATED:  October 8, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

13